UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony T. Laster,<br><br>   Petitioner,<br><br>v.<br><br>Denise Wilson, Warden of FCI Sandstone MN,<br><br>   Respondent. | Case No. 14-cv-2069 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

Tony T. Laster, FCI Sandstone, P.O. Box. 1000, Sandstone, MN 55072, pro se.

D. Gerald Wilhelm and Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

HILDY BOWBEER, United States Magistrate Judge

**I. Introduction**

  This matter is before the Court on Petitioner Tony T. Laster's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1], which claims that the Federal Bureau of Prisons (BOP) incorrectly found him ineligible for early release under 18 U.S.C. § 3621(e).  Respondent Denise Wilson opposes the motion [Doc. No. 7].  The case has been referred to the undersigned for Report and Recommendation (R&R) under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, the Court recommends that the Petition be denied, and this action be dismissed with prejudice.

## II.     Background

### A.     Petitioner's Factual and Procedural History

On May 17, 2006, the United States District Court for the Central District of Illinois accepted Petitioner's plea of guilty to one count of possession of cocaine base (crack) with intent to distribute. (Order Approving Magistrate Recommendation, *United States v. Laster*, No. 2:06-cr-20009-MPM-DGB (C.D. Ill. May 17, 2006), ECF No. 14.) On September 22, 2006, Petitioner was sentenced to 151 months, followed by 6 years of supervised release. (J. Criminal Case, *United States v. Laster*, No. 2:06-cr-20009-MPM-DGB (C.D. Ill. Sept. 22, 2006), ECF No. 18.) Petitioner is currently confined at the Federal Correctional Institution (FCI) in Sandstone, Minnesota, with a projected release date of February 14, 2017. (Buege Decl. Attach. A [Doc. No. 8-1].)

While incarcerated, Petitioner appears to have completed the Residential Drug Abuse Program (RDAP), and he sought a one-year sentence reduction under 18 U.S.C. § 3621(e). On May 10, 2013, BOP staff at FCI Sandstone forwarded a Request for § 3621(e) Offense Review form to the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas. (John-Baptiste Decl. ¶ 3 [Doc. No. 9].) DSCC completed a review and concluded that Petitioner's prior conviction for robbery in 1988[1] rendered him ineligible for a sentence reduction. (*Id.* ¶ 4.) On June 19, 2013, the BOP determined that this prior conviction precluded Petitioner from early release under § 3621(e)(2)(B). (John-Baptiste Decl. Attach. A at 2 [Doc. No. 9-1].)

---

[1] Petitioner was found guilty of robbery in 1988, which he committed in 1987. (John-Baptiste Decl. ¶ 4.)

In March and April of 2014, Petitioner pursued his administrative remedies at the institutional, regional, and central office levels of the BOP, which all denied his request as untimely because he did not file within twenty days of the BOP's decision. (Buege Decl. ¶ 4 [Doc. No. 8]; Buege Decl. Attach. B [Doc. No. 8-1].)

On June 19, 2014, Petitioner filed a habeas petition under 28 U.S.C. § 2241, claiming he was wrongfully denied eligibility for a sentence reduction under 18 U.S.C. § 3521(e). (Pet. at 1 [Doc. No. 1].) Petitioner challenges the BOP's determination that he was precluded from early release because of his prior robbery conviction. (*Id.* at 4.) Petitioner seeks a one-year sentence reduction from the Court. (*Id.*)

Respondent opposes Petitioner's habeas petition, arguing that federal law precludes judicial review of the BOP's decision, and in any event, the BOP's decision was proper because prisoners with robbery convictions are precluded from early release under 28 C.F.R. § 550.55(b)(4)(iii). (Resp't's Resp. at 1 [Doc. No. 7].)

On October 22, 2014, Petitioner asserted additional grounds for relief in his reply that were not in the initial petition. (Pet'r's Reply at 1-5 [Doc. No. 11].) He claims: (1) the BOP's process is arbitrary and prejudicial; (2) another inmate allegedly had a prior felony for robbery with kidnapping but received a sentence reduction, therefore violating Petitioner's "Eighth Amendment Right to Equal Protection" and constituting an abuse of discretion by the BOP under the Administrative Procedure Act (APA); and (3) Petitioner was not advised of his right to counsel, in violation of the Sixth Amendment.[2] (*Id.*)

---

[2] The Court is not required to consider these claims, because they were raised only in Petitioner's reply and not in the original petition. *See* Rule 2(c) of the Rules Governing

3

**B.     Relevant BOP Regulations**

The BOP manages and regulates all federal penal and correctional institutions. 18 U.S.C. § 4042(a)(1). Title 18 U.S.C. § 3621 governs the imprisonment of convicted persons, and the BOP must provide eligible inmates with a program of residential substance abuse treatment, subject to the available appropriations. 18 U.S.C. § 3621(e)(1). As an incentive for inmate participation, the BOP may reduce an inmate's sentence by up to one year:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added). The BOP has substantial discretion to determine which inmates are eligible for sentence reduction upon successful completion of the treatment program. *United States v. Lopez-Salas*, 266 F.3d 842, 847 (8th Cir. 2001).

Pursuant to its rule-making authority, the BOP promulgated 28 C.F.R. § 550.55, set forth in BOP Program Statement 5331.02, which, in the exercise of the discretion accorded to the BOP under 18 U.S.C. § 3621(e)(2)(B), imposes certain restrictions on eligibility for

---

Section 2254 Cases in the United States District Courts (stating a petition for writ of habeas corpus "must . . . specify all the grounds for relief available to the petitioner"); Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *Balderas v. Minnesota*, No. 07-1311 (JNE/JSM), 2008 WL 495535, at *3 n.4 (D. Minn. Feb. 20, 2008) (adopting R&R that declined to consider claims raised only in the petitioner's reply and not in his habeas petition). Nonetheless, in the interest of fairness and judicial efficiency, the Court will address these claims in this proceeding. *See Wheatley v. Roy*, No. 12-1950 (DWF/AJB), 2013 WL 6179357, at *3 (D. Minn. Nov. 26, 2013) (adopting R&R that considered a new claim in the reply on the merits, despite questioning whether it was properly reviewable because it was not in the petition, and the respondent had no chance to address it).

early release under that statute. In relevant part, § 550.55(b) states:

> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
> . . .
> (4) Inmates who have a prior felony or misdemeanor conviction for:
> . . .
> (iii) Robbery;

28 C.F.R. § 550.55(b)(4)(iii).

### III.   Discussion

#### A.   Legal Standard

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Section 2241 is appropriate where a federal petitioner challenges the execution of a sentence or the length or duration of his confinement." *Jones v. Jett*, No. 10-4201 (MJD/AJB), 2011 WL 5507222, at *2 (D. Minn. Aug. 12, 2011) (citing *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)).

#### B.   Evidentiary Hearing

Petitioner seeks an evidentiary hearing to determine if his prior conviction for robbery was a crime of violence. (Pet'r's Reply at 5.) Respondent disagrees, arguing that the issue of whether the BOP properly applied policy and federal regulations may be resolved on the record alone. (Resp't's Resp. at 9.)

Generally, a habeas petitioner is entitled to an evidentiary hearing only where the relevant facts are in dispute. *Somerset v. Fondren*, No. 09-788 (MJD/SRN), 2009 WL 3461410, at *1 (D. Minn. Oct. 20, 2009) (citing *Toney v. Gammon*, 79 F.3d 693, 697 (8th

5

Cir. 1996)). An evidentiary hearing is not necessary "if the record clearly indicates that the petitioner's claims are either barred from review or without merit." *Toney*, 79 F.3d at 697. For the reasons that follow, Petitioner's APA claim is barred from review, and the remaining claims are without merit. Therefore, the Court finds an evidentiary hearing to be unnecessary.

### C.   Exhaustion of Administrative Remedies

An inmate challenging the BOP's execution of his sentence through a habeas action must first exhaust his administrative remedies. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). The BOP's administrative remedy procedure has three tiers. *See* 28 C.F.R. § 542. The first stage requires the inmate to present his concern informally to staff before presenting it to the warden of the facility in which he is confined. 28 C.F.R. §§ 542.13-.14. At the second stage, an inmate may appeal an unsatisfactory response to the BOP Regional Director. 28 C.F.R. § 542.15. At the third stage, an inmate can appeal further to the BOP Central Office. *Id.* An inmate has exhausted his administrative remedies when he receives a response from the Central Office or the Central Office exceeds its time to reply. 28 C.F.R. §§ 542.15, 542.18.

The exhaustion requirement is judicially created and not jurisdictional. *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). Because it is not jurisdictional, exhaustion may be waived when requiring it would be futile. *Somerset*, 2009 WL 3461410, at *2.

Defendant acknowledges that Petitioner pursued his administrative remedies at the institutional, regional, and central office levels, and the futility exception may apply because all of his requests were rejected as untimely. (Buege Decl. ¶ 4.) The Court

agrees that the futility exception applies here. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004) (noting the respondent waived the exhaustion requirement by conceding that the petitioner's continued use of the grievance procedure would be futile); *Alamo v. Zickefoose*, No. 11-5416 (JBS), 2013 WL 1007676, at *9 (D.N.J. Mar. 12, 2013) (applying futility exception where the petitioner attempted to exhaust administrative remedies on appeal to the BOP's Regional Director and Central Office, and was rejected by the Central Office as untimely); *Ayon v. Benov*, No. 1:13-cv-1120-LJO-SAB-HC, 2013 WL 6120522, at *3 (E.D. Cal. Nov. 20, 2013) (recognizing futility of the administrative process, where the petitioner's appeal to the BOP's Regional Director was denied as untimely and any further appeal would be untimely as well). Therefore, the Court waives the exhaustion requirement and considers Petitioner's claims.

### D. Petitioner's Claims

#### 1. Administrative Procedure Act

The APA provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Agency actions, findings, and conclusions can be held unlawful when they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). There is no cause of action, however, to the extent that the relevant statute "preclude[s] judicial review" or the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

The judicial review provisions of the APA "do not apply to any determination, decision, or order under [18 U.S.C. §§ 3621-3625]." 18 U.S.C. § 3625. Courts have found

§ 3625 to preclude judicial review of the BOP's discretionary decisions under § 3621. *See Barakat v. Fisher*, No. 13-1296, 2013 WL 6058932, at *9-10 (D. Minn. Nov. 18, 2013); *Davis v. English*, No. 12-1483 (JNE/LIB), 2013 WL 1149526, at *6-7 (D. Minn. Feb. 27, 2013); *Rios v. Fisher*, No. 10-4020 (PJS/TNL), 2012 WL 2814338, at *2-3 (D. Minn. June 19, 2012). Petitioner's APA claim seeks review of the BOP's discretionary decision to deny a one-year sentence reduction under § 3621(e)(2)(B). Because § 3625 bars judicial review of this decision, the Court lacks subject matter jurisdiction over Petitioner's APA claim and recommends that it be dismissed accordingly.

### 2.     Early Release under 18 U.S.C. § 3621

Even if the Court could hear Petitioner's APA claim, Petitioner's request for early release lacks merit. As mentioned earlier, 18 U.S.C. § 3621(e) permits – but does not require – the BOP to grant sentence reductions of up to one year for those convicted of a nonviolent offense who have completed the RDAP successfully, but 28 C.F.R. § 550.55 sets certain restrictions for early release. That section provides, in relevant part, that "[a]s an exercise of the Director's discretion," inmates who have a prior felony or misdemeanor conviction for robbery are not eligible for early release. 28 C.F.R. § 550.55(b)(4)(iii). Given the variation among state statutes, the BOP relies on the violent crime definitions in the FBI's Uniform Crime Report (UCR) to determine whether a state offense is analogous to a violent offense under the BOP regulations. *Latcher v. English*, No. 12-939 (PJS/TNL), 2013 WL 3974183, at *2 (D. Minn. Aug. 1, 2013) (citing *Zacher v. Tippy*, 202 F.3d 1039, 1045 (8th Cir. 2000)). The BOP compares the state offense to the corresponding UCR definition of the offense, and if they are sufficiently similar, the state

offense is treated as a disqualifying offense under 28 C.F.R. § 550.55(b)(4).  *Latcher*, 2013 WL 3974183, at *2.

In 1988, Petitioner was convicted of robbery in the state of Illinois.  (John-Baptiste Decl. ¶ 4.)  The BOP's June 19, 2013, decision reflects that this prior conviction precluded Petitioner from early release under 18 U.S.C. § 3621(e)(2)(B).  (John-Baptiste Decl. Attach. A at 2.)  In reaching this determination, the BOP compared the elements for robbery in the state statute with those in the UCR definition.  (John-Baptiste Decl. ¶ 5.)  The BOP noted that under Illinois law, a person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.  (*Id.*)  It also noted the UCR's definition of robbery as the taking or attempting to take anything of value from the care, custody, or control of a person or persons by force or threat of force or violence and/or by putting the victim in fear.  (*Id.*)  The BOP found the elements of robbery under the Illinois statute sufficiently similar to the UCR definition, and therefore concluded that the state offense disqualified Petitioner from a sentence reduction under 28 C.F.R. §550.55(b)(4)(iii).  (*Id.*)

The Court agrees that the Illinois robbery statute sufficiently matches the UCR definition of robbery.  Thus, the BOP did not err in finding Petitioner ineligible for a sentence reduction under § 3621(e)(2)(B) based on the prior robbery conviction.

Petitioner takes issue with the BOP's categorical exclusion of prisoners from an early release based on past convictions.  But as this District has observed, the United States Court of Appeals for the Eighth Circuit has found such categorical exclusion permissible under § 3621.  *Somerset*, 2009 WL 3461410, at *4 (citing, *inter alia*, *Zacher*,

202 F.3d at 1045)).

Petitioner also argues that convictions more than fifteen years old, such as his conviction for robbery, cannot be used to determine eligibility for early release. The Court disagrees, in light of substantial case law to the contrary. *See*, *e.g.*, *Latcher*, 2013 WL 3974183, at *4 (finding valid the BOP's use of 35-year-old assault convictions to preclude the petitioner from early release); *Kyles v. Fondren*, No. 08-6074 (PAM/RLE), 2009 WL 4041491, at *6 (D. Minn. Nov. 18, 2009) (finding the BOP's reliance on a 27-year-old conviction for armed robbery permissible); *Somerset*, 2009 WL 3461410, at *4 (finding a 30-year-old robbery conviction permissible for the BOP to use); *Sisneros v. Anderson*, No. 06-3107 (PAM/JSM), 2007 WL 3512647, at *3 (D. Minn. Nov. 14, 2007) (finding permissible the BOP's reliance on a 37-year-old assault conviction).

Finally, the Court emphasizes the permissive language of § 3621(e)(2)(B), which states that the BOP "may" grant early release, but is not required to do so. 18 U.S.C. § 3621(e)(2)(B); *see Lopez v. Davis*, 531 U.S. 230, 242 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").

For all of these reasons, the Court finds that the BOP did not violate its statutory authority by denying Petitioner a sentence reduction under § 3621(e).

### 3. Sixth Amendment

Petitioner claims he was not sufficiently advised of his right to counsel in seeking modification of his sentence under § 3621(e), in violation of the Sixth Amendment. (Pet'r's Reply at 2-3.) He believes that only the Court can inform him of his right to waive counsel,

and not Dr. Maynard, "the Physiologist in charge of the RDAP program for FCI Sandstone" who purportedly advised him that he would be "voluntarily waiving his statutory right to hearing and to assistance of counsel." (*Id.* at 2.)

The Court disagrees. The Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions. U.S. Const. amend. VI. Because a habeas action is civil in nature, "there is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir.1994). Thus, regardless of who may have informed Petitioner of his alleged right to a hearing and assistance of counsel, there is no such right in this habeas case. And, to the extent Petitioner believes he was entitled to counsel during the BOP administrative proceedings, the Court has found no authority to support this proposition. Accordingly, the Court finds no violation of the Sixth Amendment.

    **4.    Eighth Amendment**

Petitioner claims that his "Eighth Amendment Right to Equal Protection" was violated when the BOP allegedly permitted a sentence reduction for another inmate with a prior conviction for robbery with kidnapping. (Pet'r's Reply at 1-2.)

Again, the Court disagrees. First, the Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. This language does not address equal protection, and the facts recounted in the Petition do not otherwise suggest a violation of the Eighth Amendment.

Moreover, even if Petitioner intended to assert an equal protection argument on other

constitutional grounds, the Court has already noted the substantial discretion vested in the BOP under § 3621(e) to determine an inmate's eligibility for early release upon completing the drug treatment program. *See Lopez-Salas*, 266 F.3d at 847. Petitioner's filings provide no basis to conclude that the BOP made its decision in Petitioner's case on impermissible grounds. Thus, the Court recommends dismissing Petitioner's Eighth Amendment/equal protection claim as well.

## IV. Recommendation

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**; and

2. This matter be **DISMISSED WITH PREJUDICE**.

Dated: March 23, 2015         s/ *Hildy Bowbeer*
                              HILDY BOWBEER
                              United States Magistrate Judge

### NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 10, 2015**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A judge shall make a *de novo* determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.